IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANA L. MORGAN                                                                   PLAINTIFF

V.                                       NO. 14-3120

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Dana L. Morgan, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for DIB on August 12, 2012, alleging an inability to work since May 1, 2010, due to manic depressive disorder, severe anxiety, panic disorder, degenerative arthritis, high blood pressure, high cholesterol, and carpal tunnel syndrome. (Tr. 175-176, 192, 195). Plaintiff's date last insured is June 30, 2013. Accordingly, the relevant time period for purposes of this DIB application is from

1

May 1, 2010, through June 30, 3013. An administrative hearing was held on November 20, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 41-86).

By written decision dated April 10, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – obesity, degenerative disc disease, carpal tunnel syndrome and depression. (Tr. 27). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 27).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except she is able to frequently finger and handle and climb stairs and ramps and occasionally climb ropes, ladders and scaffolds, and stoop. Nonexertionally, she is able to perform simple, routine and repetitive tasks in a setting where contact is incidental to the work performed and supervision is simple, direct and concrete.

(Tr. 29). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform her past relevant work, but there were other jobs Plaintiff would be able to perform, such as poultry production worker, hotel/motel housekeeper, and production line assembler. (Tr. 33-34).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on November 19, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §404.1520, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III.  Discussion:

Subsequent to the ALJ's decision dated April 10, 2014, Plaintiff presented several medical records to the Appeals Council which post-date the ALJ's decision.  (Tr. 1-6). The Appeals Council looked at the records, and concluded that the new information was about a later time. (Tr. 2). Therefore, the Appeals Council found the subsequent records did not affect the decision about whether Plaintiff was disabled beginning on or before April 10, 2014. (Tr. 2). "[T]he Appeals Council must consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995)(quoting Williams v. Sullivan, 905 F.2ds 214, 216-17 (8th Cir. 1990). "An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later acquired disabilities or subsequent deterioration of a previously

4

non-disabling condition." Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997). In addition, "[a]dditional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits." Id.

The MRI dated April 24, 2014, which reflects that Plaintiff suffers from central canal stenosis at multiple levels, is dated only two weeks after the ALJ's decision. The Court cannot state that the additional evidence showing a deterioration in Plaintiff's spinal condition was "significantly after the date" of the ALJ's final decision. The Court therefore believes it appropriate to remand the matter to the ALJ to consider the newly submitted evidence that pertains to Plaintiff's spinal impairments. The ALJ should then re-evaluate his RFC after reviewing the additional records.

**IV.  Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 26th day of February, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE